# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

JAMES LEWIS (# T9210)                                                          PLAINTIFF

v.                                                                    No. 1:11CV3-A-S

TIMOTHY PALMER, ET AL.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of James Lewis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Lewis alleges that he was improperly found guilty of a prison rule violation and put into a more restrictive custody classification as a result. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On March 19, 2010, prison officials conducted a shakedown of D-Zone (where plaintiff James Lewis was housed) and issued a rule violation report charging that Lewis was in possession of a cellular phone, which is contraband at the Mississippi State Penitentiary. The phone was not found in Lewis' cell, but the call history on the phone showed that at least one call had been placed to a person on his call list (his fiancé). Based upon this evidence, Lewis was found guilty of the rule violation and placed in more restrictive custody.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court holds that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States

may under certain circumstances create liberty interests which are protected by the Due Process

Clause [, but] these interests will be generally limited to freedom from restraint which, while not

exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process

Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted).  In the

*Sandin* case, the discipline administered the prisoner was confinement in isolation.  Because this

discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at

2301, and "did not present the type of atypical, significant deprivation in which a State might

conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself

nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the

procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935

(1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th n Cir. 2000) (holding prisoner's thirty-day

loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due

process claim).

The plaintiff was placed in more restrictive custody as discipline for the rule infraction.  Such

discipline falls squarely "within the expected parameters of the sentence imposed" and does not

"present the type of atypical, significant deprivation in which a State might conceivably create a

liberty interest." *Sandin, supra*.  As such, the plaintiff's allegations will be dismissed for failure to

state a claim upon which relief could be granted.  A final judgment consistent with this memorandum

opinion shall issue today.

  **SO ORDERED,** this the 11th day of March, 2011.

         **/s/ Sharion Aycock**
         **U.S. DISTRICT JUDGE**